**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

|  |  |  |
|---|---|---|
| | : | |
| | : | |
| L. JAMES RICHARDS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 1:03-CV-2282-RWS |
| | : | |
| WELLS REAL ESTATE FUNDS, | : | |
| INC. and WELLS INVESTMENT | : | |
| SECURITIES, INC., | : | |
| | : | |
| Defendants. | : | |

**ORDER**

Now before the Court are Plaintiff's Motion in Limine [69-1];

Defendants' Motion in Limine to Exclude Evidence of John Hampton's

Commission Income [71-1]; Defendants' Motion in Limine to Exclude Evidence

of the EEOC Letter of Determination [72-1]; Defendants' Motion in Limine to

Exclude Evidence of Statements by Steve Franklin [73-1]; Defendants' Motion

to Amend the Pretrial Order [76-1]; and Plaintiff's Motion to Amend the Pre-

trial Order and Motion in Limine [86-1].  After considering the entire record, the

Court enters the following Order.

## I.  Plaintiff's Motion in Limine

### A.  Failure to mitigate damages

Plaintiff contends that evidence of any failure to mitigate damages should be excluded on the grounds that (1) Defendants must establish the three elements of a failure to mitigate defense–specifically, (i) that comparable work was available, (ii) that Plaintiff failed to exercise reasonable diligence in securing that comparable work, and (iii) the amount, if any, that plaintiff would have earned–and as such, evidence of Plaintiff's failure to exercise reasonable diligence is, in and of itself, legally insufficient to sustain a finding of failure to mitigate; (2) Defendants waived this defense by failing to preserve it in the Pretrial Order;  and (3) Defendants have failed to produce any evidence through discovery related to the defense, and thus, exclusion is mandatory under Rule 37(c)(1).  The Court addresses each in turn.

1.  Sufficiency of showing that Plaintiff failed to exercise reasonable diligence

Plaintiff contends that Defendants must establish through admissible evidence that "the damages would have been lower but for the lack of diligent

efforts; that there were substantially equivalent positions which the employee, as

a result of failing to use diligent efforts, failed to obtain; and . . . the amount by

which the damages would have been mitigated. . . ."  (Pl.'s Mot. [69-2] at 6.)

From this, Plaintiff concludes that "[w]here the Defendant has failed to show the

availability of substantially equivalent employment, it will necessarily fail in

proving when such employment would have been obtained or how much would

have been made in the subsequent employment."  (Id.)  Defendants, without any

citation to authority, respond only that the "addition of the failure to mitigate

damages defense will not cause any prejudice to Plaintiff as he has known about

this affirmative defense for over two years before the scheduled commencement

of trial in this case." (Defs.' Resp. to Pl.'s Mot. [83-1] at 2 (emphasis in

original)).

A successful Title VII claimant has a statutory duty to mitigate damages.

Lathem v. Dept. of Child. &Youth Svcs., 172 F.3d 786, 794 (11th Cir. 1999);

see 42 U.S.C. § 2000e-5(g)(1) ("Interim earnings or amounts earnable with

reasonable diligence by the person or persons discriminated against shall

operate to reduce the back pay otherwise allowable.").  The failure to mitigate

damages is an affirmative defense, Weaver v. Casa Gallardo, Inc., 922 F.2d

1515, 1527 (11th Cir. 1991) (superseded by statute on other grounds), and the

burden of proving lack of diligence by the employee is on the employer.  Id.;

Smith v. Am. Svc. Co. of Atlanta, Inc., 796 F.2d 1430, 1431 (11th Cir. 1985).

"Specifically, the employer must show that 'comparable work was available and

the claimant did not seek it out.'  If, however, 'an employer proves that the

employee has not made reasonable efforts to obtain work, the employer does

not also have to establish the availability of substantially comparable

employment.' "  Weaver, 922 F.2d at 1527 (quoting Sellers v. Delgado Cmty.

Coll., 839 F.2d 1132, 1139 (5th Cir. 1988)); see also Broadnax v. City of New

Haven, 415 F.3d 265, 268 (2d Cir. 2005) ("[A]n employer should not be

saddled by a requirement that it show other suitable employment in fact

existed--the threat being that if it does not, the employee will be found to have

mitigated his damages--when the employee, who is capable of finding

replacement work, failed to pursue employment at all.") (quoting Greenway v.

Buffalo Hilton Hotel, 143 F.3d 47, 54 (2d Cir. 1999)); cf. Quint v. A.E. Staley

Mfg. Co., 172 F.3d 1, 16 (1st Cir. 1999) ("As long as the claimant has made

some effort to secure other employment, the burden to prove failure to mitigate

normally resides with the defendant-employer, which then must show that (i)

4

though substantially equivalent jobs were available in the relevant geographic area, (ii) the claimant failed to use reasonable diligence to secure suitable employment.") (emphasis added).  Under Weaver, a showing that Plaintiff failed to exercise reasonable diligence in obtaining comparable work is legally sufficient to support a finding that Plaintiff failed to mitigate his damages. Therefore, unless the evidence of Plaintiff's lack of reasonable diligence is otherwise excludable, the Court concludes that the evidence should be presented to the jury.

2.  Waiver

Plaintiff argues that Defendants waived the defense of failure to mitigate by failing to preserve it in the Pretrial Order.  Defendants raised the defense of failure to mitigate in their answer as required by Rule 8(c).  Defendants, however, "inadvertently omitted" the defense from the Pretrial Order.  Although it is true that the pretrial order supercedes the pleadings, McGinnis v. Ingram Equip. Co., 918 F.2d 1491, 1494 (11th Cir. 1990); see FED. R. CIV. P. 16(e), the purpose of requiring a defendant to plead affirmative defenses is to avoid unfair surprise to the opposing party.  See, e.g., Pulliam v. Tallapoosa County Jail, 185 F.3d 1182, 1185 (11th Cir. 1999) ("Requiring a defendant to plead

5

certain defenses affirmatively serves the important purpose of providing notice to the plaintiff and the court.").

As noted above, Defendants raised the affirmative defense of failure to mitigate damages in their answer.  Defendants then apparently questioned Plaintiff with respect to his efforts to obtain comparable employment during his deposition.  Without question, Plaintiff had notice of Defendants' intent to offer evidence of his alleged failure to mitigate damages.  Where the purpose of the pleading requirement has been satisfied, to exclude the evidence on the basis that it was not included in the Pretrial Order would be to elevate form over substance.  This the Court declines to do.

3.  Exclusion under Rule 37

Plaintiff contends that Defendants' failure to produce evidence with respect to the failure to mitigate defense mandates exclusion of this evidence at trial under Federal Rule of Civil Procedure 37(c)(1).  Defendants do not respond to Plaintiff's argument.  Nevertheless, in view of Defendants' assertion of the defense in their answer, Defendants' questioning of Plaintiff regarding his efforts to secure alternative employment during his deposition, as well as the Court's express limitation that Defendants shall be permitted to offer only that

6

evidence contained in Plaintiff's own deposition testimony and records, the Court concludes that exclusion under Rule 37 is unwarranted.  Furthermore, to the extent Defendants rely solely on Plaintiff's own deposition testimony and records, Plaintiff cannot claim surprise *vis-a-vis* the evidence relied upon by Defendants, and thus, will not be prejudiced in his ability to meet this defense.

In light of the foregoing, Plaintiff's Motion is hereby **DENIED** insofar as Defendants will be permitted to offer evidence of Plaintiff's failure to exercise reasonable diligence in obtaining comparable work.  But, Defendants will be limited only to that evidence contained in Plaintiff's deposition testimony and any records Plaintiff provided concerning his job search efforts.  No other evidence related to any failure on Plaintiff's part to mitigate damages shall be admitted.

### B.  After-acquired evidence

A defendant-employer in a refusal-to-hire case which learns of misconduct by the prospective employee, such that the employee would have been fired upon discovery of the wrongdoing, may offer the after-acquired evidence to limit its liability. McKennon v. Nashville Banner Publ'g Co., 513 U.S. 352, 115 S. Ct. 879, 130 L. Ed. 2d 852 (1995); Wallace v. Dunn Constr.

<u>Co.</u>, 62 F.3d 374, 379 (11th Cir. 1995).  During the Pretrial Conference,

Defendants represented that they do not intend to offer any after acquired

evidence.  In light of this representation, Plaintiff's Motion to exclude such

evidence is hereby **GRANTED**.

    **C.  Same decision (mixed motives) defense**

    Where an employee has shown that an employment decision was based

on an illegal motive, a defendant-employer may avoid liability by proving by the

preponderance of the evidence that the same decision would have been made in

the absence of discrimination.  <u>Price Waterhouse v. Hopkins</u>, 490 U.S. 228,

252-53, 258, 109 S. Ct. 1775, 104 L. Ed.2d 268 (1989); <u>Steger v. Gen. Elec.</u>

<u>Co.</u>, 318 F.3d 1066, 1075 (11th Cir. 2003).  Plaintiff contends that Defendants'

failure to plead the same decision defense or to produce evidence related to the

defense during discovery requires that Defendants be precluded from presenting

such evidence at trial.  Although other courts have held that the same decision

defense is not an affirmative defense which must be pled under Rule 8(c), <u>see</u>

<u>Donovan v. Milk Mktg., Inc.</u>, 243 F.3d 584 (2d Cir. 2001), the Eleventh Circuit

has not directly addressed this issue.  <u>Pulliam</u>, 185 F.3d at 1185 n.4.

Nevertheless, the Eleventh Circuit has held that a defendant-employer does not

8

waive the same decision defense by failing to include the defense in its answer where sufficient notice is given that the defendant's motives would be in issue. Id. at 1185.

In this case, Defendants have asserted that Plaintiff was not hired for legitimate reasons. All of the evidence which supports Defendants' position "also support[s] the less sweeping (but not inconsistent) defense that even if some impermissible reasons had entered into the decision-making process, plaintiff [would not have been hired] anyway, for legitimate reasons. In other words, the legitimate reasons alone were enough." Id. at 1186. In light of the defenses raised by Defendants and the evidence produced to this point, that Defendants' motives would be in issue cannot be said to constitute unfair surprise. See id. For the same reason, the Court concludes that exclusion under Rule 37 is unwarranted. As such, Plaintiff's Motion is hereby **DENIED**.

## D. Religious survey data

Plaintiff contends that the results of a survey of Wells employees regarding their religious affiliations should be excluded as hearsay. In addressing this issue, the Magistrate's Report and Recommendation, which was adopted by this Court, found that the survey results constitute hearsay

9

inadmissible under Federal Rule of Evidence 1006.  The Court finds it unnecessary to revisit that determination.  Defendants now argue, however,  that the results of the survey are admissible under either Rule 901(b)(9) or under the residual hearsay exception of Rule 807.  The Court addresses each of these contentions in turn.

Defendants contend that the results of the survey are admissible under Federal Rule of Evidence 901(b)(9) as "[e]vidence describing a process or system used to produce a result and showing that the process or system produces an accurate result."  (Defs.' Resp. to Pl.'s Mot. [83-1] at 12.)  The Court finds Rule 901 to be utterly inapplicable.  As the title of Rule 901 makes clear, that Rule deals not with the admissibility of hearsay evidence, but rather with the "requirement of authentication or identification as a condition precedent to admissibility." FED. R. EVID. 901(a).  Defendants cite no authority to support the proposition that opinion survey evidence is admissible under this Rule and the Court declines to do so here.

Defendants also contend that the opinion survey is admissible under the residual hearsay exception of Rule 807.  In this regard, Defendants note that "[c]ourts have followed the increasing trend of admitting survey evidence."

10

(Defs.' Resp. to Pl.'s Mot. [83-1] at 13.)  Assuming this to be true, it is clear

that courts should admit survey evidence under Rule 807 only where the survey

evidence is necessary and the survey methodology provides adequate

guarantees of trustworthiness.  See Schering Corp. v. Pfizer Inc., 189 F.3d 218,

238 (2d Cir. 1999);  Harold's Stores, Inc.  v. Dillard Dept. Stores, Inc., 82 F.3d

1533, 1544 (10th Cir. 1996).  "A survey is trustworthy if it is shown to have

been conducted according to generally accepted survey principles."  Brunswick

Corp. v. Spinit Reel Co., 832 F.2d 513, 522 (10th Cir. 1987).  In order to be

admissible, "the persons interviewed must adequately represent the opinions

which are relevant to the litigation."  Amstar Corp. v. Domino's Pizza, Inc., 615

F.2d 252, 264 (5th Cir.), cert. denied, 449 U.S. 899, 101 S. Ct. 268, 66 L.

Ed.2d 129 (1980).  Furthermore, "[t]he survey should sample an adequate or

proper universe of respondents."  Harold's Stores, Inc., 82 F.3d at 1544 (citing

Exxon Corp. v. Tex. Motor Exch. of Houston, Inc., 628 F.2d 500, 507 (5th Cir.

1980)).

Rule 807 provides, inter alia, that hearsay evidence is admissible under

the Rule only where "the statement is more probative on the point for which it is

offered than any other evidence which the proponent can procure through

reasonable efforts." FED. R. EVID. 807(B).  In this case, it is undisputed that the

survey in question failed to include outside wholesalers--the position for which

Plaintiff applied.  An examination of Mr. Franklin's deposition testimony makes

clear that Wells viewed these positions as unique and subjected applicants for

those positions to hiring protocols not utilized for other positions within the

company.  (See Defs.' Mot. Ex. B [73-4] at 6.)  Defendants could have

surveyed the Outside Wholesalers but, for whatever reason, they chose not to

do so.  In light of the unique nature of the outside wholesaler position, as well as

Defendants' decision not to include those employees in its opinion survey, the

Court finds that the survey does not reflect an "adequate or proper universe of

respondents," Harold's Stores, Inc., 82 F.3d at 1544, and is not "more

probative on the point for which it is offered than any other evidence which the

proponent can procure through reasonable efforts." FED. R. EVID. 807(B).

Therefore, the Court concludes that the opinion survey constitutes hearsay

evidence inadmissible under Rule 807.[1]  As such, Plaintiff's Motion is hereby

**GRANTED**.

### E.  Testimony of Mr. Parnaby and Ms. Brown

After Plaintiff's interview with Mr. Leo Wells, the ultimate decision-maker

in the company's decision not to hire Plaintiff, Mr. Wells communicated to Mr.

Parnaby and Ms. Brown that Plaintiff was rejected because he did not have

good listening skills and did not exhibit an enthusiasm for the job.  Mr. Wells

has testified that he does not recall the basis for his decision not to hire Plaintiff.

In the instant Motion, Plaintiff seeks to exclude the statements on hearsay

grounds.

The Court, having already addressed this issue in its Order adopting the

Report and Recommendation, concludes that Mr. Wells's basis for the decision

not to hire Plaintiff as related to Mr. Parnaby and Ms. Brown is not inadmissible

---

[1] Furthermore, it is worth noting that even if the survey evidence were admissible under Rule 807, the Court would conclude that in light of its exclusion of outside wholesalers--the very position in question here--the probative value of the survey is outweighed by the likelihood of confusing the issues or misleading the jury.  Fed. R. Evid. 403.

hearsay because the statements are not being offered to prove the truth of the

matter asserted, but rather to show Mr. Wells's then existing state

of mind.  See FED. R. EVID. 803(3); Wright v. Southland Corp., 187 F.3d 1287,

1304 n. 21; Wu v. Southeast-Atlantic Beverage Corp., 321 F.Supp.2d 1317,

1329 n.2 (N.D. Ga. 2004).   As such, Plaintiff's Motion is hereby **DENIED**.

## II.  Defendants' Motion to Exclude Evidence of John Hampton's Commission Income

Defendants seek to exclude evidence regarding commission income

earned by John Hampton on the grounds that any backpay award based on Mr.

Hampton's commissions would be highly speculative and improperly give

Plaintiff the benefits of Mr. Hampton's abilities and efforts.

Successful Title VII claimants are presumptively entitled to back pay.

Lathem, 172 F.3d at 794; see also EEOC v. Massey Yardley Chrysler Plymouth,

Inc., 117 F.3d 1244, 1251 (11th Cir. 1997).  Although it is true that commission

income may be excluded from backpay calculations where it cannot be

predicted with reasonable certainty, see Goldstein v. Manhattan Indus., Inc., 758

F.2d 1435, 1447 (11th Cir. 1985), it is also true that courts are to resolve

uncertainties in back pay in favor of the discrimination victim. Lathem, 172 F.3d

14

at 794; <u>see also</u> <u>Pettway v. Am. Cast Iron Pipe Co.</u>, 494 F.2d 211, 260-61 (5th Cir.1974), <u>cert. denied</u>, 439 U.S. 1115, 99 S. Ct. 1020, 59 L. Ed. 2d 74 (1979). This is so "even if there is a certain level of speculation involved."  <u>Hipp v. Liberty Nat. Life Ins. Co.</u>, 65 F. Supp. 2d 1314, 1336-37 (M.D. Fla. 1999).

The Court recognizes that, in the end, this commission income evidence may prove too speculative to support a backpay award.  Nevertheless, the Court declines to resolve the issue at this point and concludes that evidence of Mr. Hampton's commission income should go to the jury.  As such, Defendants' Motion is hereby **DENIED**.

**III.  Defendants' Motion to Exclude the EEOC Letter of Determination**

The admissibility of an EEOC letter of determination in a jury trial is committed to the sound discretion of the trial court.  <u>See</u> <u>Walker v. NationsBank of Fla. N.A.</u>, 53 F.3d 1548, 1555 (11th Cir. 1995); <u>Barfield v. Orange County</u>, 911 F.2d 644, 650 (11th Cir. 1990).  "In deciding whether and what parts of EEOC determinations and reports should be admitted, the district court may be guided by such considerations as whether the report contains legal conclusions in addition to its factual content, whether the report raises questions of trustworthiness under Rule 803(8)(C), and whether it presents problems

15

cognizable under Rule 403." <u>Barfield</u>, 911 F.2d at 650; <u>see also</u> <u>Lathem</u>, 172

F.3d at 791 ("[T]he district court must make the admissibility determination on

an individual basis, considering the evidence's probative value and the danger of

unfair prejudice.").  The exercise of discretion with respect to EEOC

determinations is important because such agency determinations "are not

homogeneous products; they vary greatly in quality and factual detail." <u>Lee v.</u>

<u>Exec. Airlines, Inc.</u>, 31 F. Supp. 2d 1355, 1357 (S.D. Fla. 1998) (quoting

<u>Johnson v. Yellow Freight Sys.</u>, 734 F.2d 1304, 1309 (8th Cir. 1984)).

The EEOC letter at issue here is but one and one-half pages long,

contains conclusory findings, and only summarily states the evidence upon

which it relies without referencing the specific evidentiary basis for its

conclusions.  Without an express evidentiary basis for its findings, Defendants

may be prejudiced in their ability to refute the EEOC determination.  <u>Lee</u>, 31 F.

Supp. 2d at 1357 ("[T]he inability to determine the factual findings providing the

basis for the EEOC letter may well prejudice Defendants, both in terms of the

fact that rebuttal of the conclusion's specific facts is impossible and

cross-examination of the determination is unavailing.").  Furthermore, the EEOC

letter misstates Defendants' position and apparently relies on this erroneous

16

information in reaching its conclusion.  <u>Compare</u> EEOC Letter of Determination,

Defs.' Mot. Ex. A [72-3] at 1 ("The Respondent denies that the Charging Party

has been a victim of discrimination and contends he was not hired because he

has experience only in institutional sales."), <u>with</u> Defendants' Position

Statement, Pl.'s Resp. to Defs.' Mot. Ex. B [79-3] at 4 ("Mr. Leo Wells then

interviewed Charging Party, and . . . concluded . . .  (1) he had no passion for

the business; (2) he showed poor listening skills; (3) he constantly interrupted

Mr. Wells; and (4) he was not a good candidate for the position.  As a result of

Mr. Parnaby's concerns about Charging Party's retail experience and Mr.

Wells' concerns about his interpersonal skills, Mr. Wells directed Ms. Brown

not to go to the next step of the interview process with the Charging Party. . .

.").

 Based on the foregoing, the Court concludes that under Rule 403 the

probative value of the EEOC letter of determination is substantially outweighed

by the danger of unfair prejudice, confusion of the issues, and misleading the

jury.  As such, Defendants' Motion in Limine to exclude the EEOC letter of

determination is hereby **GRANTED**.  That said, the Court is cognizant of

Plaintiff's position that the reason Defendants proffered for refusing to hire

Plaintiff before the EEOC does not mirror Defendants' position at trial.  Without question, the fact that an employer has offered different justifications at different times for its failure to hire an individual may be, in and of itself, probative of pretext.  See, e.g., EEOC v. Sears Roebuck & Co., 243 F.3d 846, 852 (4th Cir. 2001).  Thus, the Court reiterates that this Order in no way applies to Defendants' Position Statement or other statements or documents Defendants may have provided to the EEOC during the course of its investigation.

## IV.  Defendants' Motion to Exclude Statements by Steve Franklin

Defendants seek to exclude statements allegedly made by Mr. Steve Franklin at a company meeting in January 2003 relating to the company's prior decision not to hire a more qualified outside salesperson on the grounds the prospective employee was "not far enough along on his spiritual journey." Defendants contend that these comments should be excluded because they are not probative of discrimination and are highly prejudicial.  The Court disagrees.

"Discriminatory comments may be sufficient to constitute circumstantial evidence of discrimination, even if they could not establish direct evidence of discrimination."  Boex v. OFS Fitel, LLC, 339 F. Supp. 2d 1352, 1369 (N.D. Ga. 2004).  Potentially discriminatory comments not directly related to the

AO 72A
(Rev.8/82)

employment decision can contribute to a circumstantial showing of discriminatory intent. Rojas v. Florida, 285 F.3d 1339, 1343 (11th Cir. 2002); see Ross v. Rhodes Furniture, Inc., 146 F.3d 1286, 1291 (1998). In assessing the probative value of such comments, the Court looks to their substance, context, and timing, Boex, 339 F. Supp. 2d at 1369; see also Damon v. Fleming Supermarkets, Inc., 196 F.3d 1354, 1362 (11th Cir. 1999), when viewed in light of the other evidence in the case. Rojas, 285 F.3d at 1343.

Both the substance and context of Mr. Franklin's comments bear directly on Plaintiff's allegations. Mr. Franklin allegedly stated that, in the past, a more qualified individual was not hired for an outside wholesaler position based on religious considerations. Plaintiff has alleged that he was not hired for an outside wholesaler position, he was more qualified for the position, and that Defendants' decision not to hire him was based on religious considerations. Thus, the substance of Mr. Franklin's comments directly mirrors Plaintiff's allegations. Furthermore, although not made in the context of the hiring decision itself, alleged statements by a high-level executive to company employees which emphasize the importance of religion in the company's hiring decisions are

19

highly relevant to Plaintiff's claims.  If credited, Mr. Franklin's statements are

certainly probative of discriminatory intent.

Finally, the timing of the statements does not warrant exclusion.  It is

undisputed that the alleged statements were made nearly two years after the

decision at issue.   Nevertheless, where a high-level executive relates a specific

instance of prior religious discrimination in hiring, the facts of which bear

striking similarity to Plaintiff's allegations, a lack of temporal proximity would

not preclude the jury from inferring that discrimination played a role in

Defendants' decision not to hire Plaintiff.

Defendants correctly state that "an isolated comment, unrelated to the

[employment] decision . . . alone, is insufficient to establish a material fact on

pretext," Rojas, 285 F.3d at 1343, and that "statements by non-decisionmakers,

or statements by decisionmakers unrelated to the decisional process at issue will

not satisfy the employee's burden" of proving pretext.  Steger, 318 F.3d at

1079.  Although these are accurate statements of the law, the Eleventh Circuit

has repeatedly emphasized that "the evidence relating to discriminatory

comments must be 'read in conjunction with the entire record' and 'considered

together with' the other evidence in the case." Rojas, 285 F.3d at 1343 (quoting

Ross, 146 F.3d at 1291-92).  In this case, it appears that Mr. Franklin played no role in the decision not to hire Plaintiff.  But, Defendants also apparently placed great emphasis on the position of outside wholesaler and Mr. Franklin was one of only three individuals possessing "veto power" over hiring decisions for that position.  (See Defs.' Mot. Ex. B [73-4] at 6.)  On these facts, it is reasonable to infer that he had knowledge of Defendants' basis for refusing to hire Plaintiff. Furthermore, the statements here are far from a stray remark.  Rather, they specifically relate to a prior instance of religious discrimination in hiring for the position in question.  Finally, other evidence exists from which a jury might infer that religion played a role in the decision not to hire Plaintiff.  Compare Ross, 146 F.3d at 1291-92 (finding statements created genuine issue of material fact where fairly strong additional evidence supported a finding of pretext), with Rojas, 285 F.3d at 1343 (finding statements insufficient to establish a material fact on pretext where the plaintiff presented no additional evidence).

Based on the foregoing, the Court concludes that the statements of Mr. Franklin, if credited, are probative of discriminatory intent and their probative value outweighs the danger of unfair prejudice.  As such, Defendants' Motion in Limine to exclude the statements of Mr. Franklin is hereby **DENIED**.

AO 72A
(Rev.8/82)

**V.  Defendants' Motion to Amend the Pre-trial Order**

   **A.  Defense of failure to mitigate damages**

   Defendants request that they be allowed to amend the Pretrial Order to include the affirmative defense of Plaintiff's failure to mitigate damages.  For the reasons set forth in Part I.A., <u>supra</u>, Defendants' Motion to Amend the Pretrial Order to include the affirmative defense of Plaintiff's failure to mitigate is hereby **GRANTED**.

   **B.  Same decision defense**

   Defendants request that they be allowed to amend the Pretrial Order to include the same decision defense.  For the reasons set forth in Part I.C., <u>supra</u>, Defendants' Motion to Amend the Pretrial Order to include the same decision defense is hereby **GRANTED**.

   **C.  Reference to compensatory damages**

   Defendants request that they be allowed to amend their special verdict form to delete any reference to compensatory damages.  Plaintiff apparently does not contest Defendants' Motion.  As such, Defendants' Motion is hereby **GRANTED**.

22

### D.  Substitution of exhibits 15, 16, and 17

Defendants seek to substitute the compensation records of John Hampton for those of another Wells employee as well as a clean copy of Defendants' Exhibit 17.  The parties are in agreement that John Hampton is the appropriate comparator for damages purposes.  Therefore, Defendants' Motion is hereby **GRANTED**.

## VI.  Plaintiff's Motion to Amend the Pre-trial Order and Motion in Limine to Exclude Testimony

Plaintiff seeks to (1) amend the Pretrial Order to withdraw witnesses 1-123 with the exception of witnesses Fremmisdorf, Ostrin, and Hollander from the Plaintiff's witness list and (2) to exclude any testimony from these previously undisclosed witnesses at trial on the grounds that Defendants improperly withheld contact information for these individuals.  During the pretrial conference, the parties discussed Plaintiff's proposed amendments to the Pretrial Order.  Defendants represented that they had no objection to the proposed amendments because they did not anticipate calling any of those individuals.  The Court is cognizant of the fact that counsel for Plaintiff did not discuss his intent to move for the exclusion of testimony from any of these

23

individuals and that, as a result, counsel for Defendants had no opportunity to address the issue.  Nevertheless, Defendants should suffer no prejudice if they did not intend to call any of these individuals as witnesses.

Therefore, in light of counsel's representations that Defendants do not intend to call these individuals as witnesses, Plaintiff's Motion to amend the Pretrial Order and Motion in Limine is hereby **GRANTED**.  But, should Defendants wish to address the exclusion of testimony, they are hereby instructed to move the Court forthwith for reconsideration of its decision on Plaintiff's Motion in Limine.

## Conclusion

Based on the foregoing, Plaintiff's Motion in Limine [69-1] is hereby **GRANTED IN PART and DENIED IN PART**; Defendants' Motion in Limine to Exclude Evidence of John Hampton's Commission Income [71-1] is hereby **DENIED**; Defendants' Motion in Limine to Exclude Evidence of the EEOC Letter of Determination [72-1] is hereby **GRANTED**; Defendants' Motion in Limine to Exclude Evidence of Statements by Steve Franklin [73-1] is hereby **DENIED**; Defendants' Motion to Amend the Pretrial Order [76-1] is

AO 72A
(Rev.8/82)

hereby **GRANTED**; Plaintiff's Motion to Amend the Pre-trial Order and

Motion in Limine [86-1] is hereby **GRANTED**.


   **SO ORDERED** this  27th  day of October, 2005.


       /s/ Richard W. Story     
       RICHARD W. STORY
       UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)